

1

2

3

4

5

6

7               IN THE UNITED STATES DISTRICT COURT

8            FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    No. _____                                    **CRB**

10

11              **ORDER SETTING CASE MANAGEMENT CONFERENCE**

12

13        The above matter having been assigned to Judge Charles R. Breyer,

14        **IT IS HEREBY ORDERED,** pursuant to Rule 16, Federal Rules of Civil Procedure, and

15   Civil Local rule 16, that a case management conference will be held before Judge Charles R. Breyer

16   on Friday, _____6/26/09_____ at 8:30 a.m., in Courtroom 8, 19th floor, 450 Golden Gate

17   Avenue, San Francisco, California.

18        Lead trial counsel shall meet and confer not less than thirty (30) days in advance of the

19   conference and shall file a joint case management statement in the form contained in the Civil Local

20   rules as supplemented by this order not less than ten (10) days in advance of the conference.

21        If the conference is inconveniently scheduled, it may be rescheduled by stipulation and order

22   to another date or time convenient to the Court's calendar.

23        At the conclusion of the conference, an order will be entered setting dates either for a further

24   case management conference, or for close of discovery, pre-trial conference, and trial. Other orders

25   regulating and controlling future proceedings may be entered.

26        Plaintiff(s) shall serve copies of this order at once on all parties to this action, and on any

27   parties subsequently joined, in accordance with Federal Rules of Civil Procedure 4 and 5. Following

28   service, plaintiff(s) shall file a certificate of service with the Clerk of this Court.

**United States District Court**
For the Northern District of California

1    SUPPLEMENTAL TO INITIAL CASE MANAGEMENT STATEMENT

2

3    1.    At the initial case management conference, the parties or at least one attorney of

4          record for each party must appear in person. See FRCP 26(f) ; Civil LR 16-10(a).

5    2.    The case management statement may not exceed ten pages. It should briefly describe

6          the parties' controversy. Any party seeking damages must set forth in the statement

7          the amount sought and the basis for its calculation.

8    3.    If the case was removed from a state court, and the applicable state law has not

9          required the parties to make an express demand for a jury trial at the time of removal,

10         any party claiming right to a jury trial must make the request therefor within ten days

11         after service of the notice of removal. FRCP 81 (c).

12   4.    NOTICE TO PRO SE LITIGANTS IN NON-PRISONER ACTIONS:

13              If you are proceeding in this lawsuit without an attorney, then the following

14         directives apply to you in the prosecution of your case.

15              The court hereby ORDERS you to comply with the service requirements of

16         Rule 4 of the Federal Rules of Civil Procedure as set forth below. Failure to follow

17         the procedures set forth in this order may result, under Rule 4 (m), in dismissal of

18         your case.

19              It is your responsibility to obtain a valid summons from the clerk  and to

20         effect service of the summons and complaint on all defendants in accordance with

21         Rule 4 of the Federal Rules of Civil Procedure. If you have named the United States

22         government, a federal agency, a federal official or a federal employee as a defendant,

23         you must comply with the special requirements of Rule 4 (i).

24              Service may be effected by any person who is not a party and who is at least

25         18 years of age, which means that you, as a party, may not effect service. If service of

26         the summons and complaint is not made upon a defendant within 120 days after the

27         filing of the complaint, your action will, under Rule 4 (m), be dismissed as to that

28         defendant.

2

1    Within 125 days after the filing of the complaint, you must file proof

2    of service indicating which defendants were served within the 120 days allowed

3    under Rule 4 (m) and showing, in accordance with Rule 4 (l), how each of those

4    defendants was served (for example, by attaching appropriate certificates of

5    service). You must also show cause why a defendant not served within the 120

6    days allowed under Rule 4 (m) should not be dismissed without prejudice. Failure

7    to do these things within the designated time will result in the dismissal of your case

8    under Rule 4 (m) and Rule 41 (b).

9    5.    NOTICE FOR AMERICANS WITH DISABILITIES ACT LITIGATION:

10    If this action seeks accommodation or other relief, including attorney fees,

11    pursuant to Title III of the Americans with Disabilities Act, 42 USC § 12191-

12    89, the court ORDERS, pursuant to FRCP 16, the following:

13    a.    Each plaintiff shall, pursuant to FRCP 4 (m), forthwith complete

14          service on any unserved defendant;

15    b.    Discovery, except for initial disclosures required by FRCP 26 (a), and

16          all other proceedings are until further order STAYED;

17    c.    If not previously done, each plaintiff shall forthwith serve upon each

18          defendant a demand for accommodation and statement of attorney fees

19          incurred to date (42 USC § 12205; Hensly v Eckerhart, 461 US 424,

20          429-30, 433-37 (1983));

21    d.    Each defendant shall, no later than the date for the conference of the

22          parties specified above, serve a response to the demand for

23          accommodation;

24    e.    The joint case management statement shall contain, in addition to the

25          information called for by FRCP 26 (f), the information set forth in

26          paragraphs c and d.

27

28

United States District Court
For the Northern District of California

3

1            <u>Sanctions</u>. **<u>FAILURE TO COMPLY WITH THIS ORDER</u>** may be deemed

2 sufficient grounds for dismissal of this cause, default or other appropriate sanctions. <u>See</u> Federal

3 Rules of Civil Procedure 16(f), 41 (b); Civ LR 1-4.

4

5            **IT IS SO ORDERED.**

6

7

8

9 Dated: June 22, 2004

                                         CHARLES R. BREYER

10                                      UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

4

## STANDING ORDERS

1. Counsel shall consult and comply with all provisions of the Local Rules relating to continuance, motions, briefs, and all other matters, unless superseded by these Standing Orders.

2. Scheduling Days:
a. Criminal Law and Motion Calendar is conducted on Wednesdays at **2:15 p.m. ORDER OF CALL IS DETERMINED BY THE COURT.**
b. Civil Law and Motion Calendar is conducted on Fridays at **10:00 a.m.  ORDER OF CALL IS DETERMINED BY THE COURT.**
c. Case Management Conferences are conducted on Fridays at **8:30 a.m. ORDER OF CALL IS DETERMINED BY THE COURT.**
d. Pretrial conferences are generally conducted at **2:30 p.m.** on days determined by the Court.
e. Counsel need not reserve a hearing date for motions, however, counsel are advised to check the legal papers for unavailable dates.  Noticed dates may be reset as the Court's calendar requires.

3. Motions to compel discovery are referred to a Magistrate Judge for assignment  and shall be noticed for hearing before the assigned Magistrate Judge.

4. No changes in the Court's schedule shall be made *except by signed order of the Court and only upon a showing of good cause.* Parties seeking to continue hearings, request special status conferences, modify briefing schedules, or make other procedural changes shall submit a signed stipulation and proposed order, or, if stipulation is not possible, an *ex parte* application in writing.

5. Briefs or Memoranda of Points and Authorities in support of, or in opposition to, any motions filed in this action must be typed on 28-line, double-spaced pleading paper and, except for summary judgment motions, may not exceed **FIFTEEN** (15) pages in length, exclusive of title pages, indexes of cases, table of contents, exhibits, affidavits, and summaries of argument, if required. Briefs exceeding ten (10) pages in length must contain an **additional** summary of argument, including reference to any important cases cited.  Summary judgment memoranda may not exceed 25 pages.  Counsel shall submit a proposed form of order with all motion and opposition papers.

6.  Counsel in civil matters shall comply with the Court's Guidelines for trial and pre-trial conference.

PLAINTIFF IS DIRECTED TO SERVE COPIES OF THIS ORDER AT ONCE UPON
ALL PARTIES TO THIS ACTION AND UPON THOSE SUBSEQUENTLY JOINED IN
ACCORDANCE WITH THE PROVISIONS OF RULES 4 AND 5, FEDERAL RULES OF
CIVIL PROCEDURE, AND TO FILE WITH THE CLERK OF THE COURT A
CERTIFICATE REFLECTING SUCH SERVICE.

**IT IS SO ORDERED.**

Dated: June 30, 2004

CHARLES R. BREYER,
UNITED STATES DISTRICT JUDGE

## STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

### CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.    Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.    Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.    Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.    Motions: All prior and pending motions, their current status, and any anticipated motions.

5.    Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.    Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.    Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.    Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.    Class Actions: If a class action, a proposal for how and when the class will be certified.

10.   Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.   Relief: All relief sought through complaint or counterclaim, including the amount of any

-1-

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17. Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition,** each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

-2-