JOSEPH P. RUSSONIELLO
United States Attorney
THOMAS M. NEWMAN (CTBN 422187)
Assistant United States Attorney
 9th Floor Federal Building
 450 Golden Gate Avenue, Box 36055
 San Francisco, California 94102
 Telephone: (415) 436-6805
 Fax: (415) 436-6748
 email: thomas.newman2@usdoj.gov

Attorneys for the United States of America

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **JEFFREY T. WEBBER,** ) | **Case No. 09-cv-1161-CRB** |
| ) | |
| Petitioner, ) | **UNITED STATES' ANSWER** |
| ) | **TO PETITION TO QUASH** |
| v. ) | **ADMINISTRATIVE SUMMONS** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Respondent, the United States of America, by and through its counsel, and in response to the specifically numbered paragraphs in the Petition, states as follows:

1. Admits.

2. Admits.

3. Denies.

4. Denies. Respondent specifically denies that the IRS "told the government of the Bahamas" that Mr. Webber was under criminal investigation, that Mr. Webber was referred to as a "crook," and that the IRS told Webber's counsel he would provide "untruthful testimony." The last sentence, which relies on the existence of these statements, is denied.

5. Denies.

6. The United States contends that petitioner's request for discovery should be

denied.

7. The United States admits that petitioner's counsel requested to have the assigned Revenue Agent and his manager taken off this case. The United States denies that the IRS is proceeding as though this case were criminal, that Mr. Webber has been slandered, or that this matter has been referred for prosecution, and avers that this is a common audit, and nothing more. The remaining allegations set forth in paragraph seven are denied.

8. Admits.

9. Admits.

10. Admits.

11. Admits.

12. Admits.

13. Admits the first sentence. Denies the second sentence.

14. Admits that the merits of the tax dispute are not relevant to this matter, and denies the remaining allegations as the United States lacks knowledge sufficient to form a belief as to the remaining factual contentions.

15. The United States lacks knowledge sufficient to form a belief as to the truth of the matter asserted.

16. The United States lacks knowledge sufficient to form a belief as to the truth of the matter asserted.

17. Admits the audit commenced in 2008. Denies the remaining allegations.

18. Admits that the IRS told Mr. Webber's counsel that this audit was civil, and the United States further avers that contention is irrelevant as a summons can be properly issued for a criminal or civil examination.

19. Admits that the IRS requested assistance from the Bahamas in obtaining records about Mr. Webber and avers that these contentions have no bearing on the summons issued to Susan Chang.

20. Admits that the document states that Webber is being investigated for possible

violations of IRC §§ 7201 and 7206, and avers that the issue of a summons for either a civil or criminal investigation is proper.

21. The United States admits that the IRS explained that the boilerplate criminal language was part of the treaty request, but that the investigation was civil. The second sentence is denied.

22. The United States admits that the general elements of violating IRC §§ 7201 and 7206 were cited, but not applied to Mr. Webber.

23. The United States admits the reference to these statutes was not a "typographical error" and avers that the inclusion was due to inadvertence. The United States denies the remaining allegations related to "details" as the cited paragraph simply contains references to those statutes.

24. The United States admits that the request contained details, and denies that the language is "unmistakably criminal." The United States specifically denies "tax avoidance" is criminal or that there is a "criminal theory" stated in the request, and avers that "tax avoidance" is, in fact, indicative of a civil audit. The United States further avers that the distinction in the request being civil or criminal has no bearing on this matter as summonses can be issued for either purpose.

25. Admits the statements were made in the request and denies these references are "plainly" criminal.

26. Denies and avers that the government of the Bahamas was told, repeatedly, that Webber was being Audited related to a civil matter.

27. Denies.

28. Admits that counsel received the request and denies that a criminal case is implied.

29. Admits that the IRS acknowledged that the audit was civil and that Webber's counsel spoke with Ms. Bass.

30. Admits the request was reviewed. The United States denies the remaining allegations, and contends the statements are irrelevant.

31. The United States lacks knowledge sufficient to form a belief as to the truth of the matters asserted in paragraph 31.

32. Admits that the government of the Bahamas was told again that this matter was civil. The United States denies the remaining assertions and argument.

33. Admits that the term "tax avoidance," which is a term synonymous with a civil tax audit, was not retracted from the letter certifying that the request was made as part of a civil audit. The remaining allegations and arguments are denied.

34. Denies that the request contained detail and avers that the treaty request contained citations and quotations from the statutes.

35. Denies.

36. Denies.

37. Denies.

38. The United States lacks knowledge sufficient to form a belief as to the truth of the matter asserted.

39. The United States lacks knowledge sufficient to form a belief as to the truth of the matter asserted.

40. Denies.

41. Denies each of the allegations set forth.

42. Admits that Webber's counsel met with the IRS agents to discuss an interview.

43. Admits that the IRS provided a general list of topics and issues to question Webber and denies that the IRS suggested Webber would lie.

44. The United States contends that facts related to Webber's counsels' reputation have no bearing on this case and denies that the IRS somehow impugned them. Denies that the agent made any "allegation." Denies the third sentence.

45. Denies.

46. Denies.

47. Admits the IRS sent third-party document request. Denies the remaining

1 allegations.

2     48. The United States admits the summonses were issues and denies the remaining
3 allegations and arguments.

4     49. Admits that Webber indicated he will no longer cooperate and denies that the IRS
5 issued the summons after and in response to that a statement.

6     50. Admits that Webber challenges the summons. Denies that the summons was
7 issued in bad faith.

8     51. Admits.

9     52. Admits.

10     53. Admits.

11     54. Denies. The United States avers that a summons cannot be enforced when a
12 referral to the Department of Justice has been made.

13     55. Denies.

14     56. The United States lacks knowledge sufficient to form a belief as to the truth of the
15 matter asserted.

16     57. Denies.

17     58. Denies.

18     59. Denies.

19     60. Denies that the IRS made the asserted statements to Webber's ex-wife.

20     61. Denies.

21     62. Denies that the IRS made any statement suggesting that Webber would lie. For
22 that reason, the remaining allegation and arguments are denied.

23     63. Denies that the IRS conducted this investigation as though it were criminal.
24 Admits that the IRS issued third-party summons and avers that practice is common when
25 a third-party has a taxpayer's records. Denies this is a tactic or "consistent" with criminal
26 investigations and contends this practice is consistent with civil examination.

27     64. Denies that the IRS made a decision to refer this case and, that fact, has any

28

*U.S.' Answer*
*Case No. 09-cv-1161-CRB*         -5-

bearing on the Summons issued to Susan Chang.

65. Admits.

66. Denies the IRS acted in bad faith and each of the allegations and arguments set forth in paragraph 66, and avers that taxpayer does not dictate the course of his own audit, and the IRS's failure to accede to a taxpayer's demands is not bad faith.

67. Denies the IRS acted in bad faith, or that there was a "promise" not to issue summons. The remaining allegations are denied.

68. Denies.

69. Denies.

70. Denies.

71. The United States denies the summons issued to Susan Chang, Webber's accountant, was issued in bad faith. The United States further avers the information and testimony are necessary to complete the audits, and the summons issued to Ms. Chang is unrelated to Webber's complaints about his audit.

72. Denies the summons issued to Ms. Chang is unnecessary and avers the testimony sought is necessary.

73. Denies that the Fed. R. Civ. P. apply, or that the IRS already possesses the information and testimony sought. Denies that the IRS's rights should be limited at some "point."

74. Denies Webber has established the necessity for a hearing, and avers that his acknowledging he is being audited to determine taxability of some foreign life insurance policy demonstrates his understanding the audit is conducted for that purpose.

75. Denies Webber is entitled to a hearing.

1  WHEREFORE, the United States request that the Court enter an Order:

2  A.  Enforcing the summons; and

3  B.  Denying Webber's petition to quash in each respect.

 

JOSEPH P. RUSSONIELLO
United States Attorney

*/s/Thomas M. Newman*
THOMAS M. NEWMAN
Assistant United States Attorney

*Motion for Leave and Objection
to Pro Hac Vice Admission
Case No. 07-6446-PJH*                -7-